[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13904
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-20532-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 12, 2006)**

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

George Morales appeals his 141-month sentence, which was imposed after he pled guilty to conspiracy to distribute 100 or more marijuana plants, in violation of 21 U.S.C. § 846. On appeal, he argues that the district court erred at sentencing

by (1) imposing a career-offender enhancement, pursuant to U.S.S.G. § 4B1.1(a), in violation of his Sixth Amendment right to a trial by jury, and (2) imposing an unreasonable sentence, pursuant to the factors of 18 U.S.C. § 3553(a). After careful review, we affirm.[1]

Because Morales raised his sentencing arguments in the district court, we review the sentence de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted). We review a defendant's ultimate sentence for "unreasonableness." United States v. Booker, 543 U.S. 220, 260 (2005). "Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The facts relevant to Morales's sentencing claims are as follows. On July 23, 2004, Morales and two co-defendants were charged in a three-count indictment. Morales was charged with conspiring to distribute 100 or more marijuana plants, in violation of 21 U.S.C. § 846 (Count 1), and distributing 100 or more marijuana plants, in violation of 21 U.S.C. § 841(b)(1) (Count 2). Pursuant to a written plea agreement, Morales pled guilty to Count 1 and the government agreed to dismiss Count 2. Morales then proceeded to sentencing.

---

[1]We GRANT Morales's motion for leave to file his reply brief late.

The presentence investigation report (PSI) recommended a base-offense level of 16, pursuant to U.S.S.G. § 2D1.1(c)(12), based on an offense involving between 10 and 20 kilograms of marijuana, and a 6-level increase for assaulting an officer in a manner creating a substantial risk of bodily injury, pursuant to U.S.S.G. § 3A.12(c)(1). The PSI listed two prior felony convictions for crimes of violence. Based on his status as a career offender, Morales's criminal-history category was VI and his base offense level was adjusted to 34 because the 40-year statutory maximum he faced was greater than 25 years but not life. See U.S.S.G. § 4B1.1(b). Finally, Morales was given a 2-point reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), and a 1-point reduction for substantial assistance, pending the government's submission of a motion for the reduction, pursuant to § 3E1.1(b). Accordingly, Morales's total offense level was 31. The advisory Guidelines range for a defendant with a criminal history category VI and an offense level of 31 was 188 to 235 months' imprisonment.

Morales objected to the PSI's determination that he was a career offender, arguing that two of his prior convictions had taken place over 14 years earlier, when he was only 18 years' old. Morales also challenged the veracity of paragraphs 41 and 42 of the PSI, which listed two of his prior convictions. As for the career-offender sentencing range, Morales urged that the district court had

3

discretion to sentence him below the advisory Guidelines range, especially because two of his prior convictions took place when he was 18 years' old, his life had undergone important changes in the interim 14 years, and he was now married and a father and would pose little risk of recidivism. The government moved for a substantial-assistance downward departure based on Morales's assistance in the investigation and prosecution of other individuals.

At the sentencing hearing, Morales asked the district court to exercise its discretion, pursuant to United States v. Booker, 543 U.S. 220 (2005), and deviate substantially from the recommended Guidelines range to a range between 20 months and 5 years. Morales also argued that the two prior convictions listed in paragraphs 41 and 42 of the PSI were not admitted or proved by a jury, and thus, if the Supreme Court overruled Almendarez-Torres v. United States, 523 U.S. 224 (1998), the convictions would not count toward his career-offender status. The government moved for a 25% downward departure from a low-end 188-month sentence to a 141-month sentence based on Morales's substantial assistance in the prosecution of others.

The district court heard the testimony of Morales's family members and friends who testified about his difficult upbringing and new, family-oriented life. After hearing this testimony and the parties' arguments, the court stated, "I accept

4

all the factual findings contained within the presentence report as clarified by the objections and the Government's agreement with certain objections." The court then imposed the following sentence:

> Mr. Morales is receiving 6 additional points for during the course of the offense assaulting an officer, creating a substantial risk of serious bodily injury, a factor which I will note the codefendants did not share in.
>
> Also, of course, Mr. Morales is a career offender, which the codefendants are not.
>
> I will grant the Government's motion for a downward departure, and having carefully considered the statements of all the parties and the information presented orally, as well as in writing, et cetera, it is the judgment of the Court that the defendant, George Morales, be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 141 months as to Count I.

This appeal followed.

Morales first argues that the district court's enhancement of his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny because his prior convictions were not alleged in the indictment, admitted by him, or established beyond a reasonable doubt to a jury. The Supreme Court has held that the government need not allege in the indictment nor prove beyond a reasonable doubt the fact that a defendant had prior convictions in order for a district court to enhance a defendant's sentence based on those convictions. See Almendarez-Torres, 523 U.S. at 247. In Booker, the Court reiterated its holding in

5

Almendarez-Torres.  See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added)).

Morales recognizes that we consistently have rejected the argument that district courts err by basing a sentence enhancement on a prior conviction that is neither proved beyond a reasonable doubt to a jury nor admitted by the defendant. See, e.g., United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir.), cert. denied, 126 S. Ct 457 (2005); United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir.), cert. denied, 126 S. Ct. 223 (2005); United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005); United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir.), cert. denied, 125 S. Ct. 637 (2004).  We reject his invitation to revisit the issue.  Pursuant to Almendarez-Torres and our uniform line of cases applying it, the district court did not err in sentencing Morales based on his prior felony convictions.[2]

---

[2]Based on our review of the sentencing transcript, even if we reached Morales's underlying assertion of Booker constitutional error, there was no Sixth Amendment violation here because the district court treated the Guidelines range as advisory and not mandatory.  See Booker, 534 U.S. at 245 (declaring mandatory nature of sentencing guidelines unconstitutional); United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (holding that, where the defendant had pled guilty and the district court considered the guideline range to be advisory, the court appropriately found facts outside those included in the indictment) (citations omitted).

We likewise are unpersuaded by Morales's argument that his sentence is unreasonable under Booker. Morales suggests that the district court overlooked evidence of his traumatic childhood and placed too much emphasis on his prior convictions. The reasonableness standard is applied to the ultimate sentence, not each individual decision made during the sentencing process. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (citation omitted).

The § 3553(a) factors serve as guides for the district and appellate courts in determining whether a sentence is reasonable. Id. at 1246. Some factors listed in § 3553(a) are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(1), (6). District courts do not need to establish the reasonableness of the imposed sentence by explicitly considering every § 3553(a) factor. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

At Morales's sentencing hearing, he presented the testimony of his friends, family members, and himself in order to demonstrate that he was a changed man who had departed from a criminal past. He also conceded the two prior convictions he now asserts were unconstitutionally considered by the district court.

7

Following the mitigating testimony and his attorney's argument for a low sentence and after discussing the applicability of § 3553, the district court stated that Morales, unlike his co-defendants, was a career offender, and had created a substantial risk of serious bodily injury during his arrest. The court sentenced him at the low-end of the Guidelines range and, upon the government's substantial-assistance motion, departed downward to 141 months' imprisonment. On this record, Morales's sentence -- below the low end of the Guidelines range, imposed after Morales called a number of witnesses to the stand, and taking into account Morales's criminal history and distinguishing his career offender status from his co-defendants' lack of such status – was reasonable.

**AFFIRMED**.